## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

Barbara Bridges Bennett,                    )
                                            )
                    Plaintiff,              )          Civil Action No. 4:22-cv-02728-TMC
                                            )
vs.                                         )                    **ORDER**
                                            )
Kilolo Kijakazi,                            )
Acting Commissioner of Social Security      )
Administration,                             )
                                            )
                    Defendant.              )


Plaintiff Barbara Bridges Bennett brought this action under 42 U.S.C. §§ 405(g) and 1382(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits under the Social Security Act. (ECF No. 1). This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C. (ECF No. 17). In the Report, the magistrate judge recommends that the Commissioner's decision be reversed and remanded, pursuant to sentence four of § 405(g) for further proceedings. *Id.* at 52. The Commissioner filed a Notice indicating that no objections would be filed. (ECF No. 20).

The magistrate judge stated that "it may well be that substantial evidence exists to support the Commissioner's decision in the instant case," but concluded that "[t]he court cannot . . . conduct a proper review based on the record presented." *Id*. Specifically, the magistrate judge found that the ALJ's residual functional capacity determination and explanation is not supported by substantial evidence, explaining "the ALJ provided no explanation for the specific percentage

limitation at issue that was found and the decision precludes meaningful judicial review. The ALJ generally stated the number ("less than 10%," *i.e.* less than 48 minutes of an entire work day) and what the number was supposed to cover ("pain, walks, and bathroom breaks") but never explained or stated how the ALJ arrived at that particular number. The court cannot engage in meaningful review where the ALJ only provides a conclusion of less than 10 percent off task. Remand is appropriate where inadequacies in the ALJ's analysis frustrate meaningful review." *Id*. at 48. The magistrate judge also determined that the ALJ's analysis of Plaintiff's fibromyalgia "does not harmonize with the new framework" set forth in *Arakas v. Comm'r*, 983 F.3d 83 (4th Cir. 2020), (ECF No. 17 at 51), and noted that on remand, "the ALJ should be careful not to ignore all of the relevant evidence as to each impairment contained in this voluminous record" and "should take into consideration all of Plaintiff's allegations of error and support findings on such with citation to substantial evidence and provide logical explanation from the evidence to the ultimate conclusions," *id*. at 52.

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention

on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). In the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

As noted, the Commissioner decided not to file objections to the Report. (ECF No. 20). After a thorough and careful review of the Report in light of the record, the court finds no clear error and adopts the Report of the Magistrate Judge (ECF No. 17) which is incorporated herein by reference. The Commissioner's final decision is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the Report's detailed analysis.

**IT IS SO ORDERED**.

s/ Timothy M. Cain
United States District Judge

May 16, 2023
Anderson, South Carolina