# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | | |
|---|---|---|
| Barbara Bridges Bennett, | ) | |
|     Plaintiff, | ) | Civil Action No. 4:22-cv-02728-TMC |
| vs. | ) | |
| Kilolo Kijakazi, Commissioner of Social Security Administration, | ) | **ORDER** |
|     Defendant. | ) | |

On August 10, 2023, Plaintiff Barbara Bridges Bennett filed a Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, on the bases that she was the prevailing party and that the Commissioner's decision was not supported by substantial evidence. (ECF No. 23). On August 22, 2023, the Commissioner filed a response in support, indicating she does not object to the award or the amount of requested attorney's fees and costs. (ECF No. 24).

Under the EAJA, a court shall award attorney's fees to a prevailing party[1] in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap. *See, e.g.*, *Priestley v. Astrue*, 651 F.3d 410, 415 (4th Cir. 2011); *Moreland v. Astrue*, C/A No. 4:08-3902-CMC-TER, 2010 WL 2851119, at *1 (D.S.C. July 16, 2010). The district courts also have broad discretion to set the attorney's fee amount.

---

[1] A party who wins a remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). The remand in this case was made pursuant to sentence four. (ECF Nos. 21; 22).

1

*Moreland*, 2010 WL 2851119, at *1. In determining the fee award, "[e]xorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize and discount." *Massey v. Saul*, Civ. A. No. 1:18-cv-02702-TMC, 2020 WL 1976319, at *1 (D.S.C. Apr. 24, 2020) (quoting *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 (1990)). Additionally, the court should not only consider the "position taken by the United States in the civil action," but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by Pub. L. No. 99-80, § 2(c)(2)(B).

Plaintiff has asked for the payment of attorney's fees in the amount of $5,461.76. (ECF No. 23 at 2). On August 22, 2023, the Commissioner indicated she does not oppose the payment of $5,461.76 in attorney's fees. (ECF No. 24 at 1). Despite there being no objection, the court is obligated under the EAJA to determine if the fee is proper. *See Design & Prod., Inc. v. United States*, 21 Cl. Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation"). Applying the above standard to the facts of this case, the court concludes that the Commissioner's position was not substantially justified. Furthermore, after a thorough review of the record, the court finds that the fee request is appropriate. Accordingly, the court **GRANTS** the Motion for Attorney's Fees (ECF No. 23) and orders that the Plaintiff be awarded $5,461.76 in attorney's fees.[2]

    **IT IS SO ORDERED.**

s/ Timothy M. Cain
September 13, 2023
Anderson, South Carolina

United States District Judge

---

[2] The court notes that the fees must be paid to Plaintiff. *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting the EAJA fees to offset of any pre-existing federal debts); *see also Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009) (holding the same).